# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 01-50542
### Summary Calendar
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JAMES DEAN MILLER,**

**Defendant-Appellant.**

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-00-CR-126-ALL
--------------------
February 1, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

James Dean Miller appeals his conviction for manufacturing methamphetamine. He argues that in denying his motion to suppress, the district court erroneously determined that consent to search had been given by his sister, the owner of the premises. Miller's argument is misguided, however, because the district court did not deny the motion to suppress based on the consent-exception, but rather on the exigent circumstances presented by the methamphetamine lab. Because Miller makes no challenge to the district court's determination that exigent circumstances justified the search, any such challenge is deemed

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

waived.  See United States v. Fagan, 821 F.2d 1002, 1015 n.10 (5th Cir. 1987).

Miller also argues that the evidence was insufficient to support his conviction.  He argues that given the testimony regarding the time he was arrested and the amount of time that the methamphetamine was cooking, it was apparent that someone other than he had been manufacturing the methamphetamine.  Because Miller failed to renew his motion for a judgment of acquittal at the close of all the evidence, we review his argument for plain error.  See United States v. Pierre, 958 F.2d 1304, 1310 (5th Cir. 1992)(en banc).  Accordingly, review of the sufficiency of the evidence is limited to the determination of "whether there was a manifest miscarriage of justice."  United States v. Laury, 49 F.3d 145, 151 (5th Cir. 1995)(citation omitted).

Miller's argument is based on a mischaracterization of the narcotics agent's testimony.  Moreover, it ignores the fact that his common-law wife testified that he asked her to return to the house to turn off the "cook."  The judgment of the district court is **AFFIRMED**.